UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA          :

      – v –                          :          **AFFIRMATION**

**IRVING ROMAN,**                      :          **08 Cr. 251 (RMB)**

            Defendant.     :

-------------------------------X


    **PEGGY M. CROSS, Esq.**, hereby affirms under penalties of

perjury pursuant to 28 U.S.C. §1746:

    1.   I am a staff attorney with the Federal Defenders and

trial counsel to the defendant Irving Roman.  I make this

affirmation in support of Mr. Roman's motion to suppress physical

evidence seized from his him on or about February 26, 2008 and

any post-arrests statements elicited from him.  All statements

herein are based on information and belief, unless otherwise

indicated.

    2.   Mr. Roman is charged by indictment with one count of

possession of a firearm.

    3.   On February 26, 2008, according to the criminal

complaint filed in this case, a police officer "observed a black

firearm located in [Mr. Roman's] waistband and what appeared to

be an authentic auxiliary police shield hanging from a chain

around [Mr.] Roman's neck."  See Exhibit A, Criminal Complaint at

¶4.  According to the complaint, the officer then witnessed

another officer "open the passenger door to the Red Minivan and remove [Mr. Roman] from the vehicle" and "remove the black firearm from [Mr.] Roman's waistband." Id. at ¶5. The observing officer then "placed [Mr.] Roman on the ground and removed the police shield from his neck." Id. According to the complaint, Mr. Roman "was given his Miranda warnings" and "provided a written statement" in which he "admitted to possession the firearm." Id. at ¶6.

4. Mr. Roman denies engaging in any suspicious behavior prior to the time the officers approached the vehicle. He denies that there was a firearm visible in his waistband and he denies wearing anything on a chain around his neck that resembled a police shield. See Exh. B ¶3. He also denies that he voluntarily waived his Miranda rights or that he voluntarily made statements to the police. Id. at ¶4.

6. The physical evidence in this case should be suppressed because it was obtained as a result of the illegal seizure of Mr. Roman. The police had no authority as an initial matter to detain or seize Mr. Doughty, see Terry v. Ohio, 392 U.S. 1, 30 (1968); United States v. Bayless, 201 F.3d 116, 132 (2d Cir.2000), and they did not have the authority to remove him from the vehicle and frisk him. Ybara v. Illinois, 444 U.S. 85, 93 (1979); United States v. Jaramillo, 25 F.3d 1146, 1151 (2d Cir. 1994). Thus, the seizure of Mr. Roman and the discovery of the firearm were unlawful.

7.    After Mr. Roman's arrest, he made certain statements to the police.  Additionally, while in police custody, he was questioned at the 47st Precinct house in the Bronx.  These statements and this questioning are the unlawful fruit of the illegal seizure of Mr. Roman and any statements obtained by the police must therefore be suppressed as well.  Brown v. Illinois, 422 U.S. 590 (1975).

**WHEREFORE**, it is respectfully requested that the Court issue an ORDER suppressing the physical evidence and statements obtained from Mr. Roman in violation of his constitutional rights; or in the alternative that the Court set a hearing on this motion pursuant to Federal Rules of Criminal Procedure 12 and 41.

Dated:  New York, New York
        June 23, 2008

_____
    **PEGGY M. CROSS, ESQ.**

# Exhibit A

Approved: _____
          NATALIE LAMARQUE
          Assistant United States Attorney

08 MAG     0383

Before:   HONORABLE THEODORE H. KATZ
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :       **SEALED COMPLAINT**

          -v.-                  :       Violation of
                                        18 U.S.C. § 922(g)(1)
IRVING ROMAN,                   :
                                        COUNTY OF OFFENSE:
          Defendant.            :       BRONX

- - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

          JOSE VARGAS, being duly sworn, deposes and says that he
is a New York City Police Department Detective with the Bronx
Narcotics Organized Crime Control Bureau, and he charges as
follows:

                            COUNT ONE

          On or about February 26, 2008, in the Southern District
of New York, IRVING ROMAN, the defendant, after having been
convicted upon a plea of guilty in a court of a crime punishable
by imprisonment for a term exceeding one year, to wit, Criminal
Possession of a Controlled Substance in the Third Degree, in
violation of New York Penal Law 220.16, a Class B Felony, in New
York Supreme Court, New York County, on or about September 26,
2003, unlawfully, willfully, and knowingly, did possess in and
affecting commerce, a firearm, to wit, a loaded 9 millimeter Hi-
Point semi-automatic pistol, which previously had been shipped
and transported in interstate and foreign commerce.

          (Title 18, United States Code, Section 922(g)(1).)

          The bases for my knowledge and for the foregoing
charge, is, in part, as follows:

          1.    I am a Detective in the Bronx Narcotics
Organized Crime Control Bureau of the New York City Police
Department ("NYPD"), and I have been personally involved in the
investigation of this matter.  This Affidavit is based upon my

personal participation in the investigation, my examination of
reports and records, and my conversations with other law
enforcement agents and other individuals.  Because this Affidavit
is being submitted for the limited purpose of demonstrating
probable cause, it does not include all the facts that I have
learned during the course of my investigation.  Where the
contents of documents and the actions, statements, and
conversations of others are reported herein, they are reported in
substance and in part, except where otherwise indicated.

    2.    On or about February 26, 2008, I and other
officers were conducting routine surveillance of an apartment
building located at 689 East 233rd Street, in the Bronx ("the
Apartment Building").

    3.    I observed a Red Ford Venture Minivan ("Red
Minivan") double parked in front of the Apartment Building. The
Red Minivan was obstructing traffic, in violation of New York
Vehicle Traffic Law.

    4.    I and other officers exited the police vehicle and
approached the Red Minivan.  I observed a black firearm located
in IRVING ROMAN, the defendant's, waistband and what appeared to
be an authentic auxiliary police shield ("police shield") hanging
from a chain around the ROMAN's neck.

    5.    I observed another officer ("Officer-1") open the
passenger door to the Red Minivan and remove IRVING ROMAN, the
defendant, from the vehicle.  I then observed Officer-1 remove
the black firearm from ROMAN's waistband.  I then placed ROMAN on
the ground and removed the police shield from his neck.

    6.    I learned from a Detective that IRVING ROMAN, the
defendant, was given his _Miranda_ warnings.  After signing a
written waiver of his _Miranda_ rights, ROMAN a provided written
statement, which I have reviewed. In his written statement ROMAN
admitted to possessing the firearm.

    7.    I have reviewed Firearms Trace Summaries from the
Bureau of Alcohol, Tobacco, Firearms, and Explosives
("Summaries") regarding the Weapons' origin and shipment.
According to the Summaries, the 9 millimeter Hi-Point
semi-automatic pistol was not manufactured in the State of New
York.

    8.    I have reviewed criminal history records
pertaining to IRVING ROMAN, the defendant, which reflect that the
defendant was convicted on or about September 26, 2003, of

-2-

Criminal Possession of a Controlled Substance in the Third
Degree, in violation of New York Penal Law 220.16, a Class B
Felony, in New York Supreme Court, New York County, and was
sentenced to one to three years' incarceration.

WHEREFORE, the deponent respectfully requests that
IRVING ROMAN, the defendant, be imprisoned, or bailed, as the
case may be.

_____
JOSE VARGAS
Police Officer
New York City Police Department

Sworn to before me this
27th day of February 2008

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

THEODORE H. KATZ
UNITED STATES       MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

-3-

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

UNITED STATES OF AMERICA          :          **08 CR. 251 (RMB)**

     - v -          :

**IRVING ROMAN,**          :

          Defendant.          :

----------------------------------------------------X


### DECLARATION OF IRVING ROMAN


     I, IRVING ROMAN, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1.    I am the defendant in the above captioned criminal case, and I make this declaration in support of a motion pursuant to Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained from me by law enforcement authorities in violation of my constitutional rights. Since the only purpose of this declaration is to show that my constitutional rights were violated, I have not included every detail of what occurred.

2.    On February 26, 2008, I was the passenger in an automobile that was parked in the Bronx when New York Police Department officers approached the automobile.

3.    Prior to the time they approached the automobile, I was not engaged in any suspicious behavior. When they approached the automobile, there was no gun visible in my waistband and I was not wearing anything on a chain around my neck that resembled a police or auxiliary police shield. No gun was visable when they removed me from the

vehicle.

4.    As a result of my encounter with the police, they recovered a gun from me.

5.    After the police placed me in custody and recovered the gun, I made certain statements to

the police.  I did not make these statements voluntarily nor did I voluntarily waive my

Miranda rights.

I declare under penalty of perjury that the foregoing is true and accurate.


Dated:  Brooklyn, New York
        June 23, 2007

                                    _Irving C. Roman_
                                    Irving Roman